**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

FREDERICK A. MOHAMMED                                                                                          PLAINTIFF
ADC #97575

V.                                             NO: 2:11CV00003 SWW/HDY

DANNY BURL *et al.*                                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Frederick A. Mohammed, currently incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on January 6, 2011, and an addendum on February 22, 2011 (docket entry #6). Defendants are Warden Danny Burl, Assistant Warden Todd Ball, and Capt. Moses Jackson, all of the EARU.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to the complaint, Plaintiff was serving a punitive segregation sentence which expired on July 24, 2010.  At that time, Plaintiff began to request his personal property and the restoration of privileges, and Jackson told him that he had all the property and privileges to which he was entitled, which meant in essence that Plaintiff continued to serve a punitive segregation sentence beyond the 30 days of punitive time he was assessed.  At the conclusion of his punitive segregation time, Plaintiff's status apparently changed to that of being in administrative segregation. Plaintiff contends that ADC policy requires administrative segregation inmates to have the same privileges as those in general population.  Plaintiff argues that the denial of his property and privileges beyond the 30 day punitive sentence violated his due process rights and amounted to cruel and unusual punishment.  Because Plaintiff has described no "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), and because he has alleged no facts to establish an Eighth Amendment violation, his complaint should be dismissed.

Initially, it should be noted that the mere failure to follow ADC policy governing the restoration of his property and privileges is not itself a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Additionally, Plaintiff has not described any deprivation which would invoke due process protections. At most, Plaintiff was simply held for additional time in punitive confinement, instead of being returned to his full privileges. In grievance documents Plaintiff submitted with his complaint, he indicated that he was held for an additional 10 days in the more restrictive environment (docket entry #2, page #11). Although Plaintiff's grievance was ultimately found to be with merit, the Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Thus, the facts alleged by Plaintiff cannot support a claim that he was denied due process.

Finally, Plaintiff has alleged no facts to suggest he was denied the minimal civilized measure of life's necessities, or subjected to conditions constituting substantial risk of serious harm, and he therefore has failed to state a claim for an Eighth Amendment violation. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam)(same). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.	This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __7__ day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE